IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:23-CR-3115 |
| vs. | SUPPLEMENTAL TENTATIVE FINDINGS |
| TUCKER HARDERS, | |
| Defendant. | |

The defendant has objected (filing 42) to the presentence report's assessment of a five-level enhancement to the offense level pursuant to U.S.S.G. § 2G2.2(b)(3)(B), which applies when "the defendant distributed [material involving the sexual exploitation of a minor] in exchange for any valuable consideration, but not for pecuniary gain."[1] That enhancement requires that

> the defendant agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material, preferential access to child pornographic material, or access to a child.

§ 2G2.2 cmt. n.1; *see, e.g.*, *United States v. Hennings*, 23 F.4th 820, 823 (8th

---

[1] This guideline was amended in 2016 to clarify that the knowing use of peer-to-peer file-sharing software does not generally satisfy the requirements for a five-level enhancement. *United States v. Hansen*, 859 F.3d 576, 577-78 (8th Cir. 2017).

- 2 -

Cir. 2022). The defendant contends the appropriate enhancement, if any, is the two-level enhancement for distribution found in § 2G2.2(b)(3)(F). Filing 42.

The government bears the burden of proving an enhancement applies by a preponderance of the evidence. *United States v. Ford*, 987 F.3d 1210, 1214 (8th Cir. 2021). Accordingly, the Court will resolve the defendant's objection on the evidence available at sentencing.

IT IS ORDERED that the defendant's objection (filing 42) will be resolved at sentencing.

Dated this 26th day of June, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge